**Patrick A. MALCOLM d/b/a Spar Oil Company and Spar Oil Company of Georgia, a corporation, Plaintiffs-Appellants,**

v.

**MARATHON OIL COMPANY, Crown Central Petroleum Corporation, Tenneco Oil Company, et al., Defendants-Appellees.**

No. 77–2515.

United States Court of Appeals,
Fifth Circuit.
Unit B

July 27, 1981.

David R. Aufdenspring, Gary G. Grindler, Atlanta, Ga., for plaintiffs-appellants.

Trammell E. Vickery, John C. Butters, Atlanta, Ga., for Tenneco Oil Co.

Charles L. Gowen, Joseph R. Gladden, Jr., Michael Eric Ross, Atlanta, Ga., for Marathon Oil Co.

Morton A. Sacks, Baltimore, Md., for Crown Central.

Charles Rippin, Edward T. Brennan, Savannah, Ga., for Colonial Oil Inc.

On Petitions for Rehearing
Before GODBOLD, Chief Judge, and TUTTLE and HILL, Circuit Judges.

PER CURIAM:

All defendants have petitioned for rehearing. We deny the petitions, 642 F.2d 845, 5 Cir. However, the petition of defendants Marathon Oil, Crown Central Petroleum and Tenneco reflects a misunderstanding of our opinion that we feel should be rectified.

Defendants argue that our opinion transforms the plaintiff's price-fixing allegations from a Sherman Act § 1 claim into a § 2 claim. As we noted in the panel opinion, Malcolm alleged that the defendants conspired to fix prices and used price cutting as an enforcement mechanism to gain compliance from recalcitrant retailers such as himself. The opinion merely holds that Malcolm submitted sufficient evidence of injury and damages stemming from this price cutting to avoid a directed verdict. Since the issue of whether Malcolm presented sufficient evidence of an antitrust violation was not before us,[1] we did not decide that issue. Nor did we decide whether Malcolm's allegations of price cutting are more properly cognizable under § 1 or § 2 of the Sherman Act; this was neither briefed nor argued. We leave those issues to the district court on remand.

The petitions for rehearing are DENIED.

---

1. Nor should it have been, since the district court had not yet decided that question, *cf. J. Truett Payne Co. v. Chrysler Motors Corp.,* —— U.S. ——, ——, 101 S.Ct. 1923, 1929–1930, 68 L.Ed.2d 442 (1981).